Of Counsel:
CRONIN, FRIED, SEKIYA,
  KEKINA & FAIRBANKS

DAVID L. FAIRBANKS          735-0
HOWARD G. McPHERSON    5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mail:    cfskf@croninfried.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY M. STRICKERT, individually, as Personal Representative of the Estate of Mark David Strickert, deceased, and as Personal Representative for the benefit of Caitlyn Strickert and Connor Strickert, | ) ) ) ) ) ) ) ) | CIVIL NO. _____<br><br>COMPLAINT; VERIFICATION; SUMMONS |
|         Plaintiff,<br>  vs. | ) ) ) | |
| CHARLES C. NEAL; MOLOKINI DIVERS, INC; NEALCO INTERNATIONAL, LLC dba Scuba Shack, in personam; and MOTOR VESSEL DOUBLE SCOOP, O.N. 1209721, its engines, equipment and appurtenances, etc, in rem, | ) ) ) ) ) ) ) ) | |
|         Defendants.<br>_____ | ) ) ) | |

<u>COMPLAINT</u>

Plaintiff Mary M. Strickert, individually, as Personal Representative of the Estate of Mark David Strickert, deceased, and as Personal Representative for the benefit of Caitlyn Strickert and Connor Strickert, for Complaint against Defendants above-named, alleges as follows:

<u>PRELIMINARY ALLEGATIONS</u>
(Parties, Jurisdiction, and Venue)

1.      At all material times, Plaintiff Mary M. Strickert ("Mrs. Strickert" or "plaintiff") and Mark David Strickert ("Mr. Strickert") were legally married.  Beneficiaries Caitlyn Strickert ("Caitlyn") and Connor Strickert ("Connor") are Mr. and Mrs. Strickert's daughter and son.

2.      At all material times, Defendant Charles C. Neal ("Mr. Neal") was the owner, or an owner, of Defendants Molokini Dive Charters, Inc. ("MDCI") and NEALCO International, LLC dba Scuba Shack ("NEALCO").

3.      At all material times, MDCI was a corporation or other business entity organized and existing under the laws of Hawaii, with its principal place of business in Maui, Hawaii.

4.      At all material times, NEALCO was a Hawaii limited liability company or other business entity organized and existing under the laws of Hawaii, with its principal place of business in Maui, Hawaii.

5.      At all material times, Defendant Motor Vessel Double Scoop, O.N. 1209721, its engines, equipment and appurtenances, etc ("the vessel") was owned and operated by Defendant MDCI and/or Mr. Neal.

6.      As alleged more fully below, the subject incident giving rise to this action occurred upon navigable waters within the State of Hawaii, had an actual and/or potential impact on maritime commerce, and had a substantial relationship to traditional maritime activity.

7.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

8.      Venue is properly laid in this district in that the in personam defendants are residents and/or doing business here, and the acts and omissions complained of occurred here.  In addition, the vessel is or will be within the pendency of this action within this district.

COUNT I
(Negligence)

9.      This action arises under the general maritime law.

10.     On Sunday, July 20, 2014, Mr. and Mrs. Strickert and their two children Caitlyn and Connor boarded the vessel as paying passengers for a voyage.

3

11.     The voyage was planned and organized by Mr. Neal and/or MDCI and NEALCO as a round-trip scuba diving and snorkel excursion from Kihei, Maui, to Molokini Crater, an islet off the coast of Maui.

12.     The vessel had a crew consisting of three persons: Mr. Neal as captain and two crew members who doubled as deck hands and scuba guides.

13.     The vessel left Kihei and proceeded to Molokini Crater. When the vessel was moored, the two crew members went scuba diving with passengers who had paid for scuba diving.  Mr. and Mrs. Strickert and their two children, and two other passengers, all of whom had paid for snorkeling, went into the water to snorkel.  Mr. Neal was left alone aboard the vessel.

14.     Weather and sea conditions worsened and Mr. Neal began waving at the snorkelers to return to the vessel.  Mrs. Strickert and her daughter Caitlyn, who were snorkeling together, were able to make their way back to the vessel and re-board it, although with difficulty due to sea conditions.

15.     Mr. Strickert and his son Connor, who were snorkeling together, were not able to make their way back to the vessel.

16.     After they re-boarded the vessel, Mrs. Strickert and her daughter could see Mr. Strickert and Connor in distress waving for help, along with another snorkeler, a lady named Jennifer, who was near them.

17.     Mr. Neal could also see the three snorkelers in trouble in the water, waiving for help.

18.     Mrs. Strickert repeatedly asked Mr. Neal to go into the water to help them, but he would not go, saying he could not go get them until the scuba divers were up.

19.     As Mrs. Strickert and her daughter watched, her son Connor was swept by a large wave toward some rocks.  She pleaded with Mr. Neal to help him and her husband.  Mr. Neal would not respond.

20.     Mrs. Strickert then saw her son scramble up onto the rocks, saw Jennifer near the rocks trying to get up on them, but she lost sight of her husband. Mrs. Strickert again pleaded with Mr. Neal to go into the water to find her husband and help him, as did her daughter Caitlyn.  Mr. Neal watched and did nothing.

21.     Several minutes later, Mr. Neal began banging on the hull of the vessel with a weight to signal the divers to return to the vessel.  A few minutes after that, the divers began returning to the vessel.

22.     When the two crew members surfaced and heard what had happened, they began hurrying all the divers to get back aboard.  After the divers were all back aboard, one of the crew members went to the rocks where Mrs. Strickert's son Connor and Jennifer were waiting for help.

23.     Mrs. Strickert continued to plead with Mr. Neal to look for her husband and help him.  At this point, after the crewman in the water made a signal to Mr. Neal indicating that someone was dead, Mr. Neal called the U.S. Coast Guard.  After a Coast Guard vessel arrived, Mr. Strickert's body was recovered by Coast Guard personnel and taken ashore, where he was pronounced dead.

24.     Mr. Neal, MDCI, NEALCO, the vessel, and each of them, negligently failed to use reasonable care to protect the safety of the passengers aboard the vessel that day, including but not limited to their failing to properly assess the weather conditions, failing to provide the vessel with an adequate number of crew to keep watch over the snorkelers while they were in the water and effect a rescue if necessary, failing to recognize the building danger in a timely manner and recall the scuba divers immediately, and in Mr. Neal failing to go into the water to effect a rescue when he had actual knowledge that Mr. Strickert was in danger of losing his life.

25.     As a direct, proximate, and legal result of the aforesaid delicts of Mr. Neal, MDCI, NEALCO, the vessel, and each of them, Mr. Strickert suffered severe emotional distress and conscious fear of impending death, severe physical pain and suffering, loss of life, loss of enjoyment of life, and other non-economic damages for which his Estate is entitled to compensation under Chapter 663, Hawaii Revised Statutes (hereinafter "HRS"), and other applicable law.

26. As a further direct, proximate, and legal result of the aforesaid delicts of Mr. Neal, MDCI, NEALCO, the vessel, and each of them, Mr. Strickert's Estate has incurred loss of future earnings and income, medical expenses and expenses of funeral and burial, for which the Estate is entitled to compensation under Chapter 663, HRS, and other applicable law.

27. As a further direct, proximate, and legal result of the aforesaid delicts of Mr. Neal, MDCI, NEALCO, the vessel, and each of them, Mrs. Strickert and her children Caitlyn and Connor have all suffered severe emotional distress, grief, loss of Mr. Strickert's love, support, services, companionship, society, consortium, and nurture, and other non-economic damages for which they are entitled to compensation under Chapter 663, HRS, and other applicable law.

### COUNT II
(Wanton and Willful Misconduct – Gross Negligence)

28. This action arises under the general maritime law.

29. Plaintiff incorporates all of her foregoing allegations.

30. The misconduct of Mr. Neal, MDCI, and NEALCO, and each of them, was outrageous, wanton, and willful, in reckless indifference for the rights of others, and constituted an extreme departure from the applicable standard of conduct, which was motivated in whole or in part by desire for financial gain.

8

WHEREFORE, Plaintiff prays that maritime process of arrest be issued, that the vessel be arrested, condemned and sold, and that judgment be entered in her favor and against the above-named Defendants, awarding her:

A.    General and special damages against all Defendants, jointly and severally, according to proof;

B.    Punitive damages against Mr. Neal, MDCI, and NEALCO;

C.    Costs of suit and interest against all Defendants, jointly and severally; and

D.    Such further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, November 13, 2014.

/s/ Howard G. McPherson
DAVID L. FAIRBANKS
HOWARD G. McPHERSON
Attorneys for Plaintiff